| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| DARE COUNTY | FILE NO. 09-CVS-917 |

DANIEL SARGENT and )
LINDORA SARGENT, )
    **Plaintiffs** )
)
v. )
                             **AFFIDAVIT OF SERVICE**
NORTH CAROLINA FARM )    (Pursuant to NCGS § 1-75.10)
BUREAU MUTUAL )
INSURANCE COMPANY, INC. )
COLONIAL CLAIMS )
CORPORATION )
    **Defendant** )

A TRUE COPY
CLERK OF SUPERIOR COURT
DARE COUNTY
BY _____
Assistant/Deputy Clerk Superior Court

    The undersigned, as attorney for Plaintiffs, being duly sworn, deposes and says as follows:

1. That I am attorney duly licensed to practice law within the State of North Carolina and is the attorney for the Plaintiff in the above entitled case.

2. That a civil summons and Complaint was issued on October 7, 2009 and a copy of the same was subsequently served on the Defendant on October 13, 2009 by Certified Mail, Return Receipt Requested. Attached as Exhibit A is the returned receipt evidencing that a copy of the same was in fact received by Defendant.

This the 19th day of October, 2009.

                              CASEY & RAGALLER, P.L.L.C.

                              _____
                              Matthew J. Ragaller
                              Attorney for Plaintiffs
                              Post Office Box 28
                              Nags Head, NC 27959
                              Tel: (252) 441-4125

Subscribed and sworn to before me this the 19th of October, 2009.

                              _____
                              Notary Public
                              My commission expires: 11/12/09

# EXHIBIT A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.05 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.15 |

Postmark Here — [MOREHEAD, NC 2XXXX USPS]

Sent To: NC Farm Bureau Mutual Ins. Co.
Street, Apt. No.; or PO Box No. c/o Julian Philpott, JR.
City, State, ZIP+4 PO Box 27427, Raleigh NC 27611-7427

PS Form 3800, August 2006 — See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NC Farm Bureau Mutual
Ins. Co., Inc., Colonial
Claims Corp.
c/o H. Julian Philpott, JR.
Registered Agent
P.O. Box 27427
Raleigh, NC 27611-7427

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: NC FARM BUREAU MUTUAL INSURANCE
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name): H. JULIAN PHILPOTT JR.
C. Date of Delivery: 10-13-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7007 1490 0005 0234 8127

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| DARE COUNTY | FILE NO. 09-CVS-917 |

| DANIEL SARGENT and | ) |
| --- | --- |
| LINDORA SARGENT, | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )     **AFFIDAVIT OF SERVICE** |
| NORTH CAROLINA FARM | )     (Pursuant to NCGS § 1-75.10) |
| BUREAU MUTUAL | ) |
| INSURANCE COMPANY, INC. | ) |
| COLONIAL CLAIMS | ) |
| CORPORATION | ) |
|     Defendant | ) |

A TRUE COPY
CLERK OF SUPERIOR COURT
DARE COUNTY
BY _____
Assistant Deputy, Clerk Superior Court

The undersigned, as attorney for Plaintiffs, being duly sworn, deposes and says as follows:

1. That I am attorney duly licensed to practice law within the State of North Carolina and is the attorney for the Plaintiff in the above entitled case.

2. That a civil summons and Complaint was issued on October 7, 2009 and a copy of the same was subsequently served on the North Carolina Department of Insurance, Commissioner of Insurance on October 13, 2009 by Certified Mail, Return Receipt Requested. Attached as Exhibit A is the returned receipt evidencing that a copy of the same was in fact received by Defendant.

This the 19th day of October, 2009.

CASEY & RAGALLER, P.L.L.C.

_____
Matthew J. Ragaller
Attorney for Plaintiffs
Post Office Box 28
Nags Head, NC 27959
Tel: (252) 441-4125

Subscribed and sworn to before me this the 19th of October, 2009.

_____
Notary Public
My commission expires: 11/12/2009

EXHIBIT A

**U.S. Postal Service™ CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.05 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.15 |

Sent To: North Carolina Ins. Commission
Street, Apt. No.; or PO Box No. C/o Wayne Goodwin, Commission
City, State, ZIP+4: 430 Salisbury St. Raleigh NC 27603

PS Form 3800, August 2006      See Reverse for Instructions

7007 1490 0005 0234 8110

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NC Insurance Commission
c/o Wayne Goodwin,
Commissioner
430 N. Salisbury St.
Raleigh, NC 27603-5937

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED BY
OCT 13 2009

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7007 1490 0005 0234 8110

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

| STATE OF NORTH CAROLINA | File No. 09 CVS 917 |
|---|---|
| Dare County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| Daniel Sargent and Lindora Sargent | |
| Address | **CIVIL SUMMONS** |
| 1 Pearl Street | ☐ ALIAS AND PLURIES SUMMONS |
| City, State, Zip | |
| Whitehouse Station, NJ 08889 | G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s) | Date Original Summons Issued |
| North Carolina Farm Bureau Mutual Insurance Company, Inc. | |
| Colonial Claims Corporation | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| North Carolina Farm Bureau Mutual Insurance Company, Inc.<br>Colonial Claims Corporation, c/o H. Julian Philpott, Jr., Registered Agent, P.O. Box 27427<br>Raleigh, NC 27611-7427 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Matthew J. Ragaller<br>Casey & Ragaller, PLLC<br>P.O. Box 28<br>Nags Head, NC 27959 | 10-7-09 | 3:08 ☐ AM ☒ PM |
| | Signature: Beth Meekins | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01  (Over)
© 2001 Administrative Office of the Courts

A TRUE COPY
CLERK OF SUPERIOR COURT
DARE COUNTY
BY: _____ Assistant Clerk Superior Court

| STATE OF NORTH CAROLINA | File No. 09 CVS 917 |
|---|---|
| Dare County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
Daniel Sargent
1 Pearl Street
Whitehouse Station, NJ 08889

**Name And Address Of Plaintiff 2**
Lindora Sargent
1 Pearl Street
Whitehouse Station, NJ 08889

**VERSUS**

**Name Of Defendant 1**
North Carolina Farm Bureau Mutual Insurance Company, Inc.
Colonial Claims Corporation

**Summons Submitted** ☒ Yes ☐ No

**Name Of Defendant 2**

**Summons Submitted** ☐ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

## GENERAL CIVIL ACTION COVER SHEET
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), Rules of Practice For Superior and District Courts

**Name And Address Of Attorney Or Party, If Not Represented** (complete for initial appearance or change of address)
Matthew J. Ragaller
P.O. Box 28
Nags Head, NC 27959

| Telephone No. 252-441-4125 | Cell Telephone No. 252-441-4126 |
|---|---|
| NC Attorney Bar No. 32306 | Attorney E-Mail Address mragaller@nagsheadlaw.com |

☐ Initial Appearance in Case    ☐ Change of Address

**Name Of Firm**
Casey & Ragaller, PLLCC

**FAX No.** 252-441-4126

**Counsel for**
☒ All Plaintiffs    ☐ All Defendants    ☐ Only (List party(ies) represented)

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING
(check all that apply)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Answer/Reply (ANSW-Response)
- ☒ Complaint (COMP)
- ☐ Confession of Judgment (CNFJ)
- ☐ Counterclaim vs. (CTCL)
  - ☐ All Plaintiffs    ☐ Only (List on back)
- ☐ Crossclaim vs. (List on back) (CRSS)
- ☐ Extend Statute of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Answer (MEOT-Response)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
- ☐ Other: (specify)

### CLAIMS FOR RELIEF FOR:
(check all that apply)
- ☐ Administrative Appeal (ADMA)
- ☐ Appointment of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim and Delivery (CLMD)
- ☐ Collection on Account (ACCT)
- ☐ Condemnation (CNDM)
- ☒ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP)
- ☐ Possession of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other: (specify)

**NOTE:** Small claims are exempt from cover sheets.

**Date**

**Signature Of Attorney/Party**

A TRUE COPY
CLERK OF SUPERIOR COURT
DARE COUNTY
BY _____ Assistant/Deputy Clerk of Superior Court

**NOTE:** The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing pursuant to a plan adopted by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 12/06, © 2006 Administrative Office of the Courts    (Over)

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF DARE      FILE NO. 09-CVS- 917

| | |
|---|---|
| DANIEL SARGENT AND LINDORA SARGENT,<br>    Plaintiffs,<br><br>vs.<br><br>NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC. COLONIAL CLAIMS CORPORATION,<br>    Defendants. | COMPLAINT |

NOW COME, the Plaintiffs, by and through counsel, complaining of the acts of Defendants, allege and say as follows:

1. Plaintiff Daniel Sargent is a citizen and resident of Whitehouse Station, New Jersey.

2. Plaintiff Lindora Sargent is a citizen and resident of Whitehouse Station, New Jersey.

3. Upon information and belief Defendant, North Carolina Farm Bureau Mutual Insurance Company, Inc. (hereinafter "Farm Bureau") is a corporation organized and existing under and by virtue of the laws of the state of North Carolina, with its principal place of business in Dare County, North Carolina.

4. Upon information and belief Defendant, Colonial Claims Corporation (hereinafter "Colonial") is a corporation organized and existing under and by virtue of the laws of the state of Florida, with its principal place of business in Dunedin, Florida.

5. Plaintiffs are the owners of certain real property located at 23221 Sea Haven Lane, Salvo, North Carolina.

6. On or about April 9th, 2008 the Plaintiff and Defendants entered into a contract whereby the Plaintiff would provide certain monetary payments to the Defendants in the event of certain happenings.

7. In exchange for performing the services described in paragraph 5, above, the Plaintiff was to receive the benefits contained in the contract/insurance policy, attached hereto as Plaintiffs' Exhibit 1 in regard to their Rodanthe property.

A TRUE COPY
CLERK OF SUPERIOR COURT
DARE COUNTY
BY [signature] Deputy Clerk Superior Court

8. The Plaintiffs completed all of the services required of it within the timeframe required.

9. On or about June 30, 20008 the Plaintiffs received a telephone call from Surf or Sound Realty, a local real estate and property management company, informing them that the tenants of the Rodanthe property had reported waves breaking under the property and that the residence was shaking violently.

10. The tenants had to be evacuated from the property due to the conditions they had reported.

11. On July 1, 2008, the Plaintiffs telephoned Defendant Farm Bureau to notify them of the reported damage and to initiate a claim on their contract with Defendants.

12. On July 2, 2008 the Plaintiffs received a telephone call from a Tyrone McGuire, who upon information and belief is an adjuster employed by the Defendants to discuss the Plaintiffs' claim and schedule an inspection of the property.

13. On July 3, 2008 the Plaintiff's contacted the Defendants to inquire whether there was anything else they needed to do and were informed that they needed to wait for answers from the adjuster.

14. On July 8, 2008, Plaintiffs received a telephone call from Tyrone McGuire, an adjuster employed by the Defendants, informing them that he had inspected the property and did not find any evidence of damage to the property and was in fact structurally sound.

15. Due to the reports of the tenants, the property's management company refused to rent the property until an engineer certified that it was structurally sound.

16. On July 11, 2008, the Plaintiffs met with counsel to determine how to resolve the situation.

17. On July 15, 2008 Plaintiffs contacted Farm Bureau to obtain the contact information on Mr. McGuire, the adjuster referred to above.

18. On July 18, 2008 Plaintiffs received a telephone call from Mr. McGuire informing him that Dan McGuire was the adjuster who inspected the property and issued the opinion that the property was in excellent shape.

19. On July 18, 2008, Plaintiffs contacted Dan McGuire in order to have an engineer inspect the property and inquired what information would be required by the Defendants in order for them to send an engineer to inspect the property.

20. On July 21, 2008, Dan McGuire informed the Plaintiffs what was required by the Defendants in order for them to send an engineer to inspect the property.

21. On July 22, 2008, the Plaintiffs obtained the required information and telephoned Dan McGuire to notify him of the same.

22. On August 8, 2008, the Defendants sent Jason Grover of U.S. Forensic to inspect the property.

23. On or about September 5, 2008, Jason Grover completed his evaluation and report on the Plaintiffs' property.

24. On September 10, 2008 the Plainitffs contacted the Defendants regarding the timeline for the completion of the U.S. Forensic report and were informed that it was being finalized and would be ready for review shortly.

25. On September 17, 2008, the Plaintiffs contacted U.S. Forensic directly to ascertain the completion date of their report and were informed that it had been sent to the Defendants approximately two weeks prior.

26. On September 26, 2008 the Plaintiffs received a copy of the U.S. Forensic report, a copy of which is attached hereto as Exhibit 2.

27. In said report, U.S. Forensic does note structural damage to the property and attributes the damage to a construction defect dating to the originals construction of the property in 2004.

28. The defect referred to in paragraph 26 above, was their belief that the houses pilings were not installed in accordance with the applicable building codes in effect at the time of construction for Dare County.

29. Plaintiffs contacted U.S. Forensic on September 27, 2008 to verify that the defect referred to in the report was that the pilings were not installed according to the applicable building code when the house was built and that was confirmed by U.S. Forensic.

30. Also on September 27, 2008 the Plaintiffs contacted the Dare County Building Inspector to ascertain whether there were any records on file showing that Dare County had inspected the property's pilings and that they were installed in accordance with the applicable building code at that time.

31. The same day Dare County faxed the Plaintiffs a copy of the certification showing that the County had inspected the pilings and that they were installed in accordance with the applicable building codes at that time.

32. On September 29, 2008, the Plaintiffs contacted U.S. Forensic to inform them that the pilings had been installed according to the applicable building codes and that they were in possession of the verification from Dare County.

33. On October 1, 2008 the Plaintiffs contacted Defendant Colonial Claim Corporation to inform them of the inaccuracy of the U.S. Forensic report denying coverage based upon the alleged construction defect.

34. On Friday October 10, 2008, the Plaintiffs contacted Colonial Claims in order to verify that they had received the verification from Dare County showing that the pilings had been installed according to the applicable building codes and that was confirmed.

35. On or about October 19, 2008, the Plaintiffs residence collapsed into the Atlantic Ocean, due to the failure of the Defendants to acknowledge the Plaintiffs' claim and perform the necessary repairs that would have allowed the residence to remain.

## FIRST CLAIM FOR RELIEF

36. The allegations contained in paragraphs one through thirty five are incorporated by reference as if fully set forth herein.

37. Pursuant to the Contract, Plaintiff made the payments required of them to the Defendants.

38. Under the Contract between Plaintiff and Defendants, Defendants agreed to insure the Plaintiffs property against certain issues and events.

39. Plaintiff has completed substantially all of the services contemplated under the Contract and the same have been accepted and approved by Defendants. Defendants have failed to honor and perform their obligations under the contract. Defendants' breach of contract has damaged the Plaintiffs in excess of $10,000.

## SECOND CLAIM FOR RELIEF

39. The allegations contained in paragraphs one through thirty eight above, are incorporated by reference as if fully set forth herein.

40. The Defendants wrongfully refused to pay the valid claim of the Plaintiffs under the contract regarding the repair of the damage noted in the U.S. Forensic report.

41. The Defendants have acted in bad faith in their dealings with the Plaintiffs in refusing to honor their claim.

42. Upon information and belief the Defendants refused payment on the Plaintiffs' claim in order to delay the benefits that the Plaintiffs are entitled to under the contract and to allow the property to fall into the Atlantic Ocean, thereby minimizing the amount of the claim.

43. Based upon the wrongful conduct of the Defendants, the Plaintiffs have been damaged in excess of $10,000.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That it have and recover judgment against Defendants in an amount to be proven in trial, said amount being in excess of $10,000.

2. That it have and recover all damages associated with the Defendants' breach of contract and bad faith.

3. That it have and recover its costs, including reasonable attorney fees, in this action.

4. That it have such other and further relief as the Court deems just and proper.

This the 7th Day of October, 2009.

CASEY & RAGALLER, PLLC

Matthew J. Ragaller
Attorneys for Plaintiffs
Post Office Box 28
Nags Head, NC 27915
(252) 441-4125
State Bar No. 32306

NORTH CAROLINA
DARE COUNTY

## VERIFICATION

I, Lindora Sargent, being duly sworn, deposes and says:

That she is the Plaintiff in the foregoing matter; that she has read the foregoing Complaint; that the contents thereof are true to her own knowledge, except as to matters stated on information and belief and as to those matters she believes them to be true.

This the 20th day of September, 2009.

_____
Lindora Sargent

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 20th DAY OF September, 2009

Nancy M. Keates
Notary Public
My commission expires:

_____

Notary Public
State of NJ
Nancy M. Keates
My Commission Expires 10-20-09

NORTH CAROLINA
DARE COUNTY

## VERIFICATION

I, Daniel Sargent, being duly sworn, deposes and says:

That he is the Plaintiff in the foregoing matter; that he has read the foregoing Complaint; that the contents thereof are true to his own knowledge, except as to matters stated on information and belief and as to those matters he believes them to be true.

This the 20th day of September, 2009.

_____
Daniel Sargent

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 20th DAY OF September, 2009

_____
Notary Public
My commission expires:

_____

Notary Public
State of NJ
Nancy M. Keates
My Commission Expires 10-20-2009