IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-54-BO

| | |
|---|---|
| DANIEL SARGENT AND LINDORA SARGENT,<br>         Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC. AND COLONIAL CLAIMS CORPORATION,<br>         Defendants. | O R D E R |

This matter is before the Court on Defendant North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Farm Bureau")'s Motion for Summary Judgment [DE 24]. Plaintiffs did not file a response. On October 7, 2009, Plaintiffs Daniel and Lindora Sargent filed a lawsuit against Defendants Farm Bureau and Colonial Claims Corporation ("Colonial Claims") in the General Court of Justice, Superior Court Division for the County of Dare, North Carolina alleging breach of contract and wrongful refusal to pay a valid claim [DE 1-2 at 7]. Farm Bureau and Colonial Claims properly removed that case to this Court on November 11, 2009 [DE 1]. Because the Sargents failed to file a timely proof of loss, Defendant Farm Bureau's Motion for Summary Judgment is hereby GRANTED.

## BACKGROUND

Because this matter is before the Court on a motion for summary judgment, this Court begins by viewing the evidence in the light most favorable to the non-moving party and by drawing all reasonable inferences in the non-moving party's favor. *Reeves v. Sanderson*

*Plumbing Prods.*, 530 U.S. 133, 150 (2000).

Daniel and Lindora Sargent are the owners of certain real property located at 23221 Sea Haven Lane, Salvo, North Carolina. On June 30, 2008, the Sargents were notified by their property management company, Surf or Sound Realty, that waves were "breaking under the property and that the residence was shaking violently" [DE 1-2 at 8]. At the time of the damage, the Sargents' Sea Haven Lane property was insured against flood damage through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA"). The Sargents had a Standard Flood Insurance Policy ("SFIP") contract with Farm Bureau, a local agent [DE 1-2 at 7, DE 2 at 2]. The SFIP is codified at 44 C.F.R. Part 61, Appendix A(1). Relevant to the instant Motion, that contract required that the Sargents file a proof of loss for any claim within sixty days of the flood damage or loss, to include the following information: the date and time of loss, a brief explanation of how the loss happened, the claimant's (and others') interest in the property, details of other insurance, changes in title or occupancy, specifications of damaged buildings and detailed repair estimates, names of mortgagees or other claims against the property, details about occupants at the time of loss, and the inventory of damaged personal property. 44 C.F.R. § 61, App. A (1). No proof of loss was filed in this case.

The Sargents called Farm Bureau on July 1, 2008 to notify it of the reported damage and to initiate a claim on their contract. Jason Grover of U.S. Forensic inspected the property on August 8, 2008. The Sargents received a copy of the U.S. Forensic report on September 26, 2008. That report attributed structural damage to a defect in the original, 2004 construction of the property, noting that "the pilings were not installed according to applicable building code when the house was built" [DE 1-2 at 9]. Dare County's inspection certification, however,

indicated that the pilings had been installed in accordance with the applicable building codes at that time. On October 19, 2008, the residence at 23221 Sea Haven Lane collapsed into the Atlantic Ocean.

On October 7, 2009, the Sargents filed this action against Farm Bureau and Colonial Claims for breach of contract and wrongful refusal to pay a valid claim in order to delay benefits. The Sargents seek damages, costs, and attorneys' fees.

## DISCUSSION

Summary judgment is appropriate if the pleadings and affidavits show that "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *see Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to Article VII (J)(4) of the SFIP, the Sargents were required to submit a proof of loss providing the required information within sixty days of the date of the loss. Failure to file a proof of loss is fatal to the Sargents' claim. The Fourth Circuit has viewed SFIPs as placing a strict sixty-day limit on the time plaintiffs have to make their claims. *Dawkins v. Witt*, 318 F.3d 606, 612 (4th Cir. 2003). This is true even "under stressful circumstances" or when compliance is "extremely difficult." *Id.*

The date of loss at issue here is July 1, 2008, as provided in the Notice of Loss [DE 24-3

at 1]. Therefore, a timely proof of loss was due on August 29, 2008. No such proof of loss was filed. Here, the Sargents have not attempted to explain their failure to file a proof of loss by theories of waiver or estoppel, theories which would be unsuccessful even if they had been raised because Farm Bureau was not empowered to waive, alter, or amend any provision or requirement of the SFIP. Rather, any waiver would have to have been issued, expressly and in writing, by the Federal Insurance Administrator, as noted in Article VII (D) of the SFIP. No such waiver has issued in this case. Further, the Court finds that the Sargents have failed to establish any action by the government before the end of the proof of loss filing period on which they could have reasonably relied in failing to file. *See W. Augusta Dev. Corp. v. Giuffrida*, 717 F.2d 139, 141 (4th Cir. 1983).

Because this breach of contract claim is barred by the very terms of the contract, the Court does not reach the question of the cause of the damage to the Sargents' property on Sea Haven Lane. Farm Bureau's refusal to pay the Sargents' claim cannot be viewed as wrongful or in bad faith, given the Sargents' failure to comply with the terms of their SFIP. Therefore, the Sargents' second claim also fails.

## CONCLUSION

For the foregoing reasons, Defendant Farm Bureau's Motion for Summary Judgment [DE 24] is GRANTED.

SO ORDERED, this the _20_ day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE