IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-54-BO

DANIEL SARGENT AND LINDORA )
SARGENT, )
        Plaintiffs, )
 )
        v. )        O R D E R
 )
COLONIAL CLAIMS CORPORATION, )
        Defendant. )

This matter is before the Court on Defendant Colonial Claims Corporation ("Colonial

Claims")'s Motion for Summary Judgment [DE 33]. Plaintiffs did not file a response. On

October 7, 2009, Plaintiffs Daniel and Lindora Sargent filed a lawsuit against Defendants North

Carolina Farm Bureau ("Farm Bureau") and Colonial Claims in the General Court of Justice,

Superior Court Division for the County of Dare, North Carolina alleging breach of contract and

wrongful refusal to pay a valid claim [DE 1-2 at 7]. Farm Bureau and Colonial Claims properly

removed that case to this Court on November 11, 2009 [DE 1]. The Sargents' claims against

Farm Bureau were dismissed by this Court on September 20, 2011 [DE 40]. Because Colonial

Claims was not a party to the Standard Flood Insurance Policy ("SFIP"), and because the

Sargents failed to file a timely proof of loss, Defendant Colonial Claims' Motion for Summary

Judgment is hereby GRANTED.

## BACKGROUND

Daniel and Lindora Sargent are the owners of real property located at 23221 Sea

Haven Lane in Salvo, North Carolina. On June 30, 2008, the Sargents were notified by their

property management company, Surf or Sound Realty, that waves were "breaking under the property and that the residence was shaking violently" [DE 1-2 at 8]. At the time of the damage, the Sargents' Sea Haven Lane property was insured against flood damage through the National Flood Insurance Program ("NFIP"), which is administered by the Federal Emergency Management Agency ("FEMA"). The Sargents had an SFIP contract with Farm Bureau, a local agent [DE 1-2 at 7, DE 2 at 2]. The SFIP is codified at 44 C.F.R. Part 61, Appendix A(1). Relevant to the instant Motion, that contract required that the Sargents file a proof of loss for any claim within sixty days of the flood damage or loss, to include the following information: the date and time of loss, a brief explanation of how the loss happened, the claimant's (and others') interest in the property, details of other insurance, changes in title or occupancy, specifications of damaged buildings and detailed repair estimates, names of mortgagees or other claims against the property, details about occupants at the time of loss, and the inventory of damaged personal property. 44 C.F.R. § 61, App. A (1). No proof of loss was filed in this case.

The Sargents called Farm Bureau on July 1, 2008 to notify it of the reported damage and to initiate a claim on their contract. Upon receipt of the flood loss claim, Farm Bureau commenced the process of adjusting the claim pursuant to the applicable federal rules promulgated by FEMA on authority of 42 U.S.C. § 4019. Farm Bureau assigned Colonial Claims, an independent adjusting company, to assist the Sargents in adjusting their flood loss claim. Jason Grover of U.S. Forensic inspected the property on August 8, 2008. The Sargents received a copy of the U.S. Forensic report on September 26, 2008. That report attributed structural damage to a defect in the original, 2004 construction of the property, noting that "the pilings were not installed according to applicable building code when the house was built" [DE 1-2 at 9]. Dare County's inspection certification, however, indicated that the pilings had been

installed in accordance with the applicable building codes at that time. On October 19, 2008, the residence at 23221 Sea Haven Lane collapsed into the Atlantic Ocean.

On October 7, 2009, the Sargents filed this action against Farm Bureau and Colonial Claims for breach of contract and wrongful refusal to pay a valid claim in order to delay benefits. The Sargents' claims against Farm Bureau were dismissed by this Court on September 20, 2011. The Sargents' remaining claims against Colonial Claims seek damages, costs, and attorneys' fees.

DISCUSSION

Summary judgment is appropriate if the pleadings and affidavits show that "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *see Anderson*, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, Colonial Claims' Motion for Summary Judgment is granted because (I) no privity of contract exists between the Sargents and Colonial Claims and (II) the Sargents' claims are barred by their failure to file a timely proof of loss under the SFIP.

**I. No Privity of Contract Between the Sargents and Colonial Claims**

The Sargents have asserted a claim for breach of contract against Colonial Claims, but no privity of contract exists between the Sargents and Colonial Claims. Colonial Claims is an independent adjusting company assigned by Farm Bureau to assist the Sargents in adjusting their

flood loss claim. The SFIP is the only contract at issue in this case, and that contract is between the Sargents and Farm Bureau only. Articles VII(J)(5),(7), and (8) of the SFIP note that the adjuster is provided "as a courtesy only" and the burden to present the claim lies solely with the insured. Therefore, there is no evidence suggesting that the Sargents reasonably relied on any apparent agency relationship between Farm Bureau and Colonial Claims, and lack of privity of contract requires that the breach of contract claims against Colonial Claims be dismissed. *See Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 603 (4th Cir. 2002).

## II. Failure to File a Proof of Loss

Even if Colonial Claims were a party to the contract, the Sargents' claims for breach of contract and for wrongful refusal to pay a valid claim fail because the Sargents failed to file a timely proof of loss. Pursuant to Article VII(J)(4) of the SFIP, the Sargents were required to submit a proof of loss providing the necessary information within sixty days of the date of the loss. Failure to file a proof of loss is fatal to the Sargents' claim. The Fourth Circuit has viewed SFIPs as placing a strict sixty-day limit on the time plaintiffs have to make their claims. *Dawkins v. Witt*, 318 F.3d 606, 612 (4th Cir. 2003). This is true even "under stressful circumstances" or when compliance is "extremely difficult." *Id.*

The date of loss at issue here is July 1, 2008, as provided in the Notice of Loss [DE 24-3 at 1]. Therefore, a timely proof of loss was due on August 29, 2008. No such proof of loss was filed. Here, the Sargents have not attempted to explain their failure to file a proof of loss by theories of waiver or estoppel, theories which would be unsuccessful even if they had been raised because Farm Bureau was not empowered to waive, alter, or amend any provision or requirement of the SFIP. Rather, any waiver would have to have been issued, expressly and in writing, by the Federal Insurance Administrator, as noted in Article VII (D) of the SFIP. No such waiver has

issued in this case. Further, the Court finds that the Sargents have failed to establish any action by the government before the end of the proof of loss filing period on which they could have reasonably relied in failing to file. *See W. Augusta Dev. Corp. v. Giuffrida*, 717 F.2d 139, 141 (4th Cir. 1983).

Because this breach of contract claim is barred by the very terms of the contract, Colonial Claims cannot be viewed as having acted wrongfully or in bad faith. Colonial Claims was not a party to the SFIP, and, in any case, the Sargents failed to comply with the terms of that SFIP in failing to file a proof of loss. Therefore, the Sargents' claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Colonial Claims' Motion for Summary Judgment [DE 33] is GRANTED.

SO ORDERED, this the *15* day of November, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE